**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSE RIGOBERTO LOVATO AGUILLON<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br>ABDULLA HASHISH<br>a/k/a ABDALLA Hashish<br>106 Moore Avenue SW<br>Vienna, VA 22180<br><br>OMAR HASHISH<br>6334 Wingate Street, Apt. 101<br>Alexandria, VA 22312<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**

1. Defendants employed Plaintiff at "Astor Mediterranean," a restaurant located at 1829 Columbia Road NW, Washington, DC 20009. Defendants did not pay Plaintiff overtime wages. Instead, Defendants paid Plaintiff his regular hourly rate across all hours worked, including overtime hours. Moreover, after July 1, 2014, Defendants paid Plaintiff at an hourly rate less than the District of Columbia's minimum wage.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and for Defendants' willful failure to pay overtime and minimum wages, in violation of the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff Jose Rigoberto Lovato Aguillon is an adult resident of the District of Columbia.

6. Abdullah Hashish is an adult resident of Virginia. He resides at 106 Moore Avenue SW, Vienna, VA 22180. He owns and operates the restaurant known as Astor Mediterranean. He exercises operational authority over Astor Mediterranean, including its pay practices.

7. Omar Hashish is an adult resident of Virginia. He resides at 6334 Wingate Street, Apt. 101, Alexandria, VA 22312. Upon information and belief, he is the son of Abdullah Hashish. Omar Hashish manages the day-to-day operations of Astor Mediterranean. Upon information and belief, Omar Hashish has an ownership interest in Astor Mediterranean.

## Factual Allegations

8. Defendants own and operate Astor Mediterranean, a restaurant located at 1400 W Street NW, Washington, DC 20009.

9. Upon information and belief, Defendants directly operate Astor Mediterranean, without the use of a corporate entity.

10. Plaintiff started work at Astor Mediterranean in 2008.

11. Plaintiff stopped work at Astor Mediterranean on approximately July 7, 2016.

12. At all relevant times, Plaintiff worked as a kitchen hand.

13. At all relevant times, Plaintiff cleaned, washed dishes, cut vegetables and meats, and prepared food.

14. At all relevant times, Plaintiff typically and customarily worked overtime.

15. At all relevant times, Plaintiff worked an average of approximately 61 hours a week.

16. Since August 2, 2013, Plaintiff worked approximately 3,140 overtime hours.

17. At all relevant times, Plaintiff used a punch clock when he started and ended his workday.

18. At all relevant times, Plaintiff was paid an hourly rate of approximately $8.50.

19. At all relevant times, Plaintiff was always paid his regular hourly rate across all hours, including overtime hours.

20. At all relevant times, Defendants never paid Plaintiff an overtime premium for any of his overtime hours.

21. At all relevant times, federal and District of Columbia law required Defendants to pay Plaintiff one and one-half times Plaintiff's hourly rate for all hours worked over 40 in any one workweek.

22. The District of Columbia minimum wage was $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through June 30, 2016.

23. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

24. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

25. At all relevant times, Defendants had the power to fire Plaintiff.

26. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

27. At all relevant times, Defendants had the power to set Plaintiff's rate of pay.

28. At all relevant times, Defendants tendered Plaintiff his pay.

29. Defendants often wrote on a "Post-it" note the approximate number of hours Plaintiff worked and the amount of compensation that he was tendered.

30. At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff were paid for Plaintiff's work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact number of hours worked by and wages owed to Plaintiff will only be known through discovery.

31. Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

32. Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiff worked and Plaintiff's hourly rate.

33. Defendants failed to provide Plaintiff with notice of Plaintiff's employer's name, address, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

34. Defendants intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

35. Defendants did not provide Plaintiff with actual or constructive notice of Plaintiff's employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

36. At all relevant times, Defendants were aware that that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

37. At all relevant times, Defendants were aware that that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

38. For Plaintiff's work since August 2, 2013, Defendants owe Plaintiff approximately **$24,044.24** in unpaid minimum and overtime wages.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

39. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

40. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

41. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

42. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular rate for hours worked in excess of 40 hours in any one workweek.

43. Defendants' FLSA violations were willful.

44. For their FLSA violations, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY WAGES UNDER THE DCWPCL

45. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

46. Each Defendant was an "employer" of Plaintiff within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

47. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

48. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

49. Defendants violated the DCWPCL by knowingly failing to pay Plaintiff all wages earned, including minimum and overtime wages.

50. Defendants' DCWPCL violations were willful.

51. For their DCWPCL violations, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, on all counts, in the current total amount of **$101,628.36**, and grant the following relief:

    a.    Award Plaintiff $96,176.96, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.    unpaid minimum and overtime wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.    Award Plaintiff reasonable attorney's fees and expenses incurred in the prosecution of this action at the rates indicated by *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (currently, $5,051.40);

d.    Award Plaintiff court costs, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (currently, $400.00); and

e.    Award any additional relief the Court deems just.

Date: August 15, 2016　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Justin Zelikovitz, Esq.
　　　　　　　　　　　　　　　　　　　　Justin Zelikovitz, #986001
　　　　　　　　　　　　　　　　　　　　LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
　　　　　　　　　　　　　　　　　　　　519 H Street NW
　　　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　　　Phone: (202) 803-6083
　　　　　　　　　　　　　　　　　　　　Fax: (202) 683-6102
　　　　　　　　　　　　　　　　　　　　justin@dcwagelaw.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*